NORTON v. THOMPSON, *et al., Appellants.*

1. **Administration of Estate of a Married Minor**: RIGHTS OF THE WIDOW: GUARDIAN. Under the Revised Statutes of 1855, when a minor having a guardian died, leaving a widow, his personal estate was not to be distributed by the guardian under the orders of the probate court, as provided by section 34, page 829. That section, though broad enough in its terms to include all minors, is held to refer only to such as died unmarried. If the minor was a married man, letters of administration had to be granted, and his estate distributed according to the administration law. The widow was entitled to dower in her husband's personal estate, and allowance of money or necessaries for the support of the family, the same as other widows. If the guardian, proceeding under section 34, settled the estate and distributed the personalty among the husband's next of kin, such settlement was a nullity as against her, and she might maintain an action against the distributees to recover her share.

2. ———: ———: STATUTE OF LIMITATIONS: MARRIED WOMAN. Where the widow of a minor, who died under guardianship, had re-married before the guardian made his final settlement, an action brought by her and her second husband, seven years after the settlement, to recover her share of her first husband's personal property from his next of kin, to whom the guardian had distributed it under the order of the probate court, in supposed compliance with section 34, page 829, Revised Statutes 1855, was not barred by the statute of limitation, although eleven years had elapsed since the first husband's death.

*Appeal from Caldwell Circuit Court.*—Hon. E. J. Broaddus, Judge.

*Crosby Johnson* for appellants, argued that the circuit court erred in holding that the judgment of the probate court could be collaterally impeached by awarding to the widow what 'had been adjudged to the heirs, citing *State v. Todd,* 57 Mo. 217; *Lewis v. Williams,* 54 Mo. 200; *Brent v. Grace,* 30 Mo.253; *Mitchell v. Williams,* 27 Mo. 399; *Picot v. Bates,* 47 Mo. 390; *Acock v. Acock,* 57 Mo. 154; *Dilworth v Rice,* 48 Mo. 124; *Henderson v. Henderson,* 55 Mo. 535; *Freeland v. Wilson,* 18 Mo. 380; Bigelow on Estoppel, 159, 160; *Loring v. Steineman,* 1 Met. (Mass.) 204; *Greenabaum v. Elliott,* 60 Mo. 25; *Townsend v. Townsend,* 60 Mo. 246; *Patee v. Mowry,* 59 Mo. 161; *Aurora City v. West,* 7 Wall. 82; *Hickerson v. Mexico,* 58 Mo. 61; *Taylor v. Hunt,* 34 Mo. 207; also in holding that the widow was entitled to one-half of the personal estate as dower, although she had not made or filed an election as required by the statute, citing Rev. Stat. 1855, §§ 5, 8, 10, p. 669; *Bryant v. Christian,* 58 Mo. 98; *Price v. Woodford,* 43 Mo. 247; *Ewing v. Ewing,* 44 Mo. 23; also in holding that the widow was entitled to her absolute property out of the estate, notwithstanding she made no application therefor until long after the estate had, under the order of the probate court, been distributed, citing Rev. Stat. 1855, §§ 33, 34, p. 134; also in holding that the statute of limitations was not a bar to plaintiffs' cause of action, citing *Easton v. McAllister,* 1 Mo. 662; Rev. Stat. 1855, §§ 30 to 34, pp. 133, 134; *Hastings v. Meyers,* 21 Mo. 519; *Bryant v. McCune,* 49 Mo. 546; *Cummings,* 51 Mo. 261; *George v. Dawson,* 18 Mo. 407; *State v. Thornton,* 56 Mo. 325; *State v. Matson,* 44 Mo. 305; *Johnson v. Smith,* 27 Mo. 591; *State v. Willi,* 46 Mo. 236; also in rendering judgment against the defendants severally requiring them to pay over a certain proportion of the sums received by them. If the petition had sought to charge defendants severally, it would

have been demurrable. As it was originally framed, the assault on the order of distribution was the bond of unity, and made all the parties named as defendants necessary and proper parties, but the moment that feature was abandoned the unity was gone, the actions were several, and the judgment became erroneous.

*C. S. McLaughlin* for respondents.

1. The statute of limitations could not commence running against the demand of the widow at all until the final settlement, which was made in 1866, and she being a married woman at that time, limitation was no bar.

2. The cause of action did not accrue to any person who had capacity to sue until an administrator of Joseph Thompson, the deceased distributee, had been appointed. *Dillon v. Bates*, 39 Mo. 292; *Reilly v. Chouquette*, 18 Mo. 220; Angell on Lim., (5 Ed.) p. 45.

3. This action was properly brought. 39 Mo. 301. Under section 5 of the dower act the wife was entitled to one-half of all of the personal estate belonging to Joseph Thompson. She was also entitled to $200 as her absolute property. Under sections 9 and 10 of the dower act, she was not required to make her election until letters of administration had been granted. The defendants obtained possession of plaintiff's money either through mistake or fraud, and in either event would be treated as trustees holding the money in trust for the plaintiff. If the court erred in dismissing as to Richard Thompson, former curator, this error cannot be taken advantage of, under our statute of jeofails, after judgment rendered.

NAPTON, J.—The facts of this case are somewhat anomalous, and present questions which this court has not heretofore had occasion to examine.

In 1861, a lady, whose maiden name is not stated in the record, was married to a young man named Joseph

Thompson, who was a minor at the time of the marriage, and whose estate was under the curatorship of R. S. Thompson. In 1862 the husband died, being still in his minority, leaving no children and no debts. In 1864 the widow married Wm. Norton, who, along with his wife, are plaintiffs in this case. In 1866 the curator made a settlement of his curatorship before the proper court, reporting a balance on hand of $351.84, and by order of the court, he distributed this sum among the heirs of his deceased ward, who were his mother, brothers and sisters, and who are defendants in this action. This suit was commenced in 1873, and seems to have had in view, originally, the annulment of this settlement in 1866, on the ground of fraud, but ultimately the case was dismissed as to the curator— an agreement was made between the parties that there was no fraud—and the plaintiffs claimed merely a right to recover from the defendants money had and received by them, to which the plaintiff, Wm. Norton, was entitled. The plaintiffs obtained a judgment for a sum equal to the $200 allowed her by the administration law and one-half of the remainder of the personalty claimed under the dower law, or in other words, $275.92 of the $351.84 which had been distributed among the defendants as heirs of Joseph Thompson.

The apparent hardship of a decision of this case, one way or the other, is traceable, in our opinion, to a misconstruction of the 34th section of the act concerning guardians and curators; (Rev. Stat. 1855, p. 829): a misconstruction, which seems to have been adopted quite naturally by the probate court and the curator, and acquiesced in by all parties concerned. That section provides that "whenever a minor, having a guardian or curator, dies possessed of property, real or personal, *no letters of administration shall be granted on such estate*, except as provided in the next succeeding section, (which is, where the minor leaves debts or a will,) but the county court shall proceed to distribute the personal

1. ADMINISTRATION OF ESTATE OF A MARRIED MINOR: rights of the widow: guardian.

estate among those interested by ordering the same to be paid over by the guardian or curator to the distributees." Was this section designed to include a minor who was a married man? Its terms are unquestionably broad enough to embrace all minors, married or unmarried, but it will be apparent on an examination of other statutes in the same code, that if the section is held to include married minors we must conclude that the Legislature intended either to prohibit or ignore all marriages of males under 21, or to debar the widow of a minor from any dower in personalty, and deprive her of the benefit of all provisions made for the benefit of widows generally in the administration law.

Our statute concerning marriages concedes the validity of marriages between minors, when made with the consent of parents or guardians. Whether they would not be valid without such consent is a question not necessary to be discussed, since the marriage in this case is admitted to have been a valid one. It does not appear from the record what was the age of either party, except that the husband was under 21. We may assume that the 34th section of this act concerning guardians and curators did not intend to prohibit the marriage of a male minor.

Let us then examine the provisions in the dower law, and see what provision is made for his wife, in case of his death whilst still a minor. The 1st section declares that every widow shall be endowed of a third part of her husband's real estate for life. The 5th and 7th sections provide that when the husband dies without children, the widow shall be entitled to one-half of the husband's real and personal estate, absolutely, subject to debts, and the 8th section requires the widow in cases of this sort to make her election, whether she will take, under the 1st section, discharged of debts, or under the 5th section, subject to debts. The 9th and 10th sections then point out how this election is to be made, and are as follows: "Section 9. When a widow shall be entitled to dower, as provided by the four preceding sections of this act, it shall be the duty

of the county court of the proper county, *when letters testamentary or of administration have been granted,* to cause a notice to be served on such widow, apprising her of her right, and requiring her to file her declaration within the time and according to the provisions of the next succeeding section.    Section 10.  Such election shall be made by declaration, in writing, acknowledged before some officer authorized to take the acknowledgment of deeds, and filed in the office of the clerk of the court *in which letters testamentary or of administration shall have been granted,* within twelve months after the grant of the same; otherwise, she shall be endowed under the provisions of the 1st, 2d and 3d sections of this act."   Now, it is apparent, that if the 34th section of the act concerning guardians and curators is held to include married minors, then no such election can be made by the widow, for, in the first place, the notice which the county court is required to give her could not be given, as such notice is not required until letters of administration are taken out, and the 34th section prohibits such letters, and in the next place, it would be impossible for the widow to file her election, as she is not required to do so until a year after the grant of letters of administration, and the 34th section prohibits such letters from being granted.

Again, it is in the statute concerning administrators and executors that we find various provisions for the benefit of widows.   The 2d article of this act is entitled, " of their duties respecting money and property," and in this chapter there are five sections (30 to 34, both inclusive,) giving directions to administrators as to the property or money, or both, to be allowed a widow.   The 30th section allows her a specified amount of books, clothing, looms, yarn, grain, groceries, furniture, &c., and the next section directs the county court, in the absence of certain provisions deemed necessary for the support of the family for twelve months, to appropriate sufficient money out of the assets of the estate to purchase such supplies.   Section 33 then allows

the widow to select, in addition to that already given her, two hundred dollars worth of property, or if the property is sold or distributed, that amount of money. Section 34 provides that "if the widow do not receive the property thus allowed her, and the same be *sold by the executor or administrator*, the county court shall order the money to be paid to the widow at any time before the same be paid out for debts or distributed." All these provisions of the act for the benefit of the widow are plainly based on the assumption of an administration. They are contained in an act specially devoted to that subject. Was it the intention of the Legislature that where the husband dies before attaining 21 years, his widow is to be deprived of these allowances, which, beyond question, all other widows are entitled to? We are unable to conjecture any motive for such a discrimination. Yet, if section 34 of the act concerning guardians and curators was intended to apply to married minors, the result is unavoidable that the widow, in such cases, is deprived, not only of dower in the personalty, but of the $200 provided for her in the administration law.

In view, then, of these statutes—that concerning dower, that concerning administration—the law concerning marriages, and indeed, the general policy of the Legislature as indicated in these and other statutes, we are constrained to the conclusion that this 34th section heretofore referred to must have a restricted interpretation— must be confined to unmarried minors. It is then quite a reasonable provision, and the word *distributees* used in it evidently means simply and solely the heirs at law of the deceased minor, and has no reference whatever to the widow of a minor. The proceeding in the county court by the curator was, therefore, a mere nullity, so far as Mrs. Thompson was concerned. It was not a final settlement of an administrator, which she was bound to notice, but a settlement of a curator under a section of the statute which had no application to the case.

The statute of limitations was no bar to the present suit, as the widow of Thompson was married in 1866, when her cause of action first accrued. Previous to that the curator did not hold the property adversely, but simply as a trustee for the parties interested in the administration of the estate. Regularly, the plaintiffs should have had an administrator appointed, but the result would have been the same reached by the circuit court in this action against the distributees of Thompson, and to save a further accumulation of costs the judgment of the circuit court will be affirmed. The other judges concur.

*2 ——— : ———: statute of limitations: married woman.*

AFFIRMED.